IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01571-REB-CBS

MARCOS CASTILLO,

      Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, and
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

      Respondents.
_____

**OPINION AND ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER**
_____

**THIS MATTER** comes before the Court[1] pursuant to the Petitioner's "Emergency Petition for Temporary Restraining Order" **(# 1)**.

The precise nature of this case is somewhat unclear. The Petitioner has not filed any pleading setting forth a substantive cause of action in this case. Rather, the only substantive filing to date is the instant Petition for Temporary Restraining Order. That document states that the Petitioner "has previously been granted legal permanent resident statuts," but apparently is nevertheless subject to a pending Order of Removal by immigration authorities. The Order of Removal apparently resulted from proceedings incident to the Petitioner having been charged in 2006 in Arapahoe County with unlawful distribution of a controlled substance. The Petitioner

---

[1]Due to Judge Blackburn's current unavailability, the undersigned has been asked to address this request on an emergency basis.

1

initially states that the Arapahoe County proceedings concluded with a "deferred judgment," but goes on to state that in "spring 2010," he "pleaded guilty to one count of possession of less than one gram of cocaine." He states that, under *Lopez v. Gonzales*, 549 U.S. 47 (2006),[2] the charge to which he pleaded guilty "is not a charge which will result in nondiscretionary removal." The Petitioner states that "there is an overwhelming likelihood that [he] will be successful in resisting removal based upon the nature of the new disposition" in the criminal case.

The Petitioner states that he is currently "in custody of Immigration and Customs Enforcement," although it is not clear when he was taken into custody. He states that he was informed at "8:00 a.m. on July 2, 2010" [today] that he would be removed by being placed on a flight to Mexico at 12 noon on July 2, 2010.[3] He requests a "temporary restraining order prohibiting the Respondents from placing the Petitioner on a plane to Mexico until such further Order is entered by the Court."

Fed. R. Civ. P. 65(b) sets for the requirements for a party seeking an *ex parte* temporary restraining order. Two specific requirements are identified: (i) the party must, "in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will

---

[2] In *Lopez*, the Supreme Court held that a simple possession offense – one which is treated as a misdemeanor under federal law – is not an "aggravated felony" for purposes of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* An alien convicted of an "aggravated felony" cannot prevail upon the U.S. Attorney General to exercise discretion to cancel a pending removal. 8 U.S.C. § 1229b(b), (c).

[3] The pleadings in this action are not time-stamped. The Court's Electronic Case Filing system indicates that the Petition was docketed at 11:46 a.m. on July 2, 2010, but it is not clear whether that is the time the Petitioner presented the case for filing or the time the Clerk entered the case into the Court's electronic system, or even whether there is a meaningful difference between the two. The undersigned notes that her chambers was first contacted by the Clerk's office at or about 11:50 a.m. and notified of the need to review the matter on behalf of Judge Blackburn.

result to the movant before the adverse party can be heard in opposition," and (ii) the party's attorney must "certify in writing any efforts made to give notice and the reasons why it should not be required." These are the only to requirements expressly noted in the Rule for issuance of a temporary restraining order, but courts often require the movant to also make the same type of showing necessary to obtain a preliminary injunction – namely, a likelihood of success on the merits, an imminent irreparable injury, that the balance of equities favors the movant, and that the requested relief is not adverse to the public interest. *See e.g. Iowa Pacific Holdings, LLC v. National R.R. Passenger Corp.*, 2009 WL 5216938 (D. Colo. Dec. 23, 2009) (slip copy) (Blackburn, J.).

The instant Petition is defective in numerous respects. First, and perhaps most importantly, there is no underlying pleading that describes and defines the substantive claim being pursued by the Petitioner. The Petitioner has not come forward with a claim that, for example, the Order of Removal was unconstitutional in some respect, thus <u>entitling</u> him to relief from it. At best, the instant Petition indicates only that there is an extant Order of Removal (whose validity is not assailed), and that fairly recent developments in the criminal case have placed the Petitioner in a situation where the Attorney General now has the discretion to cancel the Petitioner's removal, should the Attorney General so choose. But even this fails to state a claim that would entitle the Petitioner to ultimate relief in the form of nullifying the existing Order of Removal – thus making his imminent removal unnecessary – absent at least a showing that the Attorney General <u>would have</u> exercised his discretion to cancel the Order of Removal but for the then-existing Arapahoe County disposition. The Petitioner gives no indication that he can produce evidence to this effect.

In short, the instant Petition appears to be an attempt to "buy time" for the Petitioner to remain in the United States while he contemplates his options as to how (and if) he can attack the Order of Removal.  In this sense, there is no imminent injury to the Petitioner if he is removed to Mexico; he remains free to consult with his lawyer and otherwise develop a strategy that will nullify the Order of Removal and permit his return to the United States.  *See e.g. Lopez*, 549 U.S. at 629 n.2 (removal of alien does not render moot his existing challenge to Order of Removal, and he may continued to pursue an application cancelling that removal).   While the Court is sympathetic to the fact that the Petitioner will be separated from his family during this time period, it is nevertheless clear that the Petitioner has not identified any constitutional or statutory right that he <u>currently</u> possesses that would be violated by effecting his removal at this time.

For this reason alone, the Court denies the request for a temporary restraining order.  In addition, the Court would deny the request on technical grounds as well.  The request is not supported by either an "affidavit or verified complaint," as required by Fed. R. Civ. P. 65(b)(1)(A), but rather, by naked averments by counsel.  The Petitioner has neither stated the attempts he made to give notice of this application to the Respondents, nor expressly purported to show cause why such notice should not be required.[4]  Fed. R. Civ. P. 65(b).  Finally, the Court

---

[4]On the one hand, the Court might infer from the timing of the request – coming only minutes before the flight carrying the Petitioner was scheduled to depart – that notice to the Respondents was impractical.  But the record indicates that the Petitioner notified his counsel of his scheduled departure at 8:00 a.m. today, giving counsel almost four full hours to contact the United States Attorney on behalf of the Respondents and to seek resolution of this matter or to give notice of the requested relief.  Moreover, although the Petition is entirely vague on these points, the Court would expect that the Petitioner was not seized from his home by immigration officials at 8:00 a.m. today, removal order in hand, and brought to the airport.  Rather, it is more likely that the Petitioner has been aware of the existence of his Order of Removal for quite some time, has been in U.S. custody for more than the last few hours, and that the fact of his removal being effected, if not necessarily the precise time, could reasonably have been anticipated by

notes that, if the Petitioner's allegations are entirely accurate, this request is moot. Assuming the Petitioner was indeed placed on a flight that departed Denver International Airport at 12 noon today, the Court – having received this case in the first instance only 10 minutes before – could not possibly have reviewed and considered the matter, drafted an order complying with Fed. R. Civ. P. 65(d)(1), entered it on the docket and transmitted it to Petitioner's counsel, who in turn would attempt to serve it on the United States Attorney, who would then have to contact immigration authorities to retrieve the Petitioner from the scheduled flight, all in the span of approximately 10 minutes.[5] Although the Court has acted with all reasonable haste in this matter, it is currently approximately 1:30 p.m., and the plane carrying the Petitioner has presumably departed. Thus, a request to prevent the removal of the Petitioner from the United States would appear to be moot.

Accordingly, the Petitioner's Emergency Motion for Temporary Restraining Order (# 1) is **DENIED**. In light of the lack of any underlying substantive pleading, counsel for the Petitioner shall contact Judge Blackburn's chambers, at or before noon on July 6, 2010, to address whether and to what extent this case will proceed further.

Dated this 2d day of July, 2010

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

him.

[5] The Court does not mean to imply that any person – the Petitioner, his counsel, or the Clerk's Office – unduly delayed the undersigned's receipt of this matter.